# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**276**
**KA 13-01755**
PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

JOSEPH TARTAGLIA, DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOSEPH D. WALDORF, P.C., ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.) rendered September 19, 2013. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed on his conviction of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]), and resentencing him to a determinate term of imprisonment of three years plus seven years of postrelease supervision. We reject defendant's contention that County Court erred in revoking his probation. One of the conditions of probation required defendant to "participate in a specialized treatment program for sex offenders as directed by the probation officer until satisfactorily terminated from said program. Satisfactory participation includes . . . progress toward regular treatment goals." Defendant was referred by his probation officer to North Coast Counseling for sex offender treatment, but he was discharged from that program because he did not make "reasonable progress" in treatment based on his repeated failure to accept responsibility for his sexual offense. The discharge summary states that defendant admitted at times that he abused the victim, while at other times he minimized or denied such conduct.

Although defendant concedes that he was discharged from treatment, he contends that, because he entered an *Alford* plea to the sex offense, he should not be punished for failing to admit his guilt of the underlying offense. We note as a preliminary matter that the record does not establish that defendant entered an *Alford* plea. Indeed, there is no mention of an *Alford* plea in the record, which

includes the transcript of the plea proceeding, and defendant did not deny culpability or assert his innocence during the proceeding.  Even assuming, arguendo, that defendant entered an *Alford* plea, we would reject his contention.  In *Matter of Silmon v Travis* (95 NY2d 470, 472-473), a parolee who entered an *Alford* plea contended that the parole board could not use his refusal to accept responsibility for his actions as a reason to deny him release to parole.  The Court of Appeals rejected that contention, stating that "[t]he court's acceptance of his plea without an admission of culpability was not an indication that the State viewed him as innocent" (*id.* at 475-476).  In a footnote, the Court cited with approval an out-of-state case in which a court found that a probation revocation based on failure to admit guilt was proper even though defendant entered an *Alford* plea (*see id.* at 478 n 3).

Finally, we reject defendant's contention that his sentence is unduly harsh and severe.

Entered:  March 27, 2015                  Frances E. Cafarell
                                          Clerk of the Court